UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STANDARD INSURANCE CO.,

                              Plaintiff,

v.

BRIGETTE DEAVER, et al.,

                              Defendants.

CASE NO. C11-5478BHS

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Benjamin Deaver's motion for summary judgment. Dkt. 14. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On October 18, 2000, Douglas Deaver ("Mr. Deaver"), now deceased, signed a Group Insurance Enrollment form as an employee of the City of Vancouver. Dkt. 55. On October 20, 2000, Mr. Deaver signed a form for Additional Life Insurance ("the designation form") that was also offered to him as an employee of the City of Vancouver. Dkt. 1 at 57. On the first line under the term "Beneficiary" Mr. Deaver wrote his wife,

1   Defendant Brigette Deaver's ("Mrs. Deaver") name and address and under the term

2   "Relationship" wrote Spouse. *Id*. On the second line immediately below, Mr. Deaver

3   wrote Benjamin Deaver's name and address and under the term "Relationship" wrote

4   Father. *Id*. The terms of the group life insurance policy state that "You may name one or

5   more beneficiaries. Two or more surviving beneficiaries will share equally unless you

6   specify otherwise." *Id*. at 50.

7         On January 18, 2011, Mr. Deaver passed away. On approximately February 22,

8   2011, Standard Insurance paid Mrs. Deaver $50,000 in Basic Life insurance benefits and

9   one-half of the $250,000 in Additional Life insurance benefits. Dkt. 1 at 2. The parties

10   did not, and do not, dispute the payment of these amounts to Mrs. Deaver.

11         In a letter dated March 16, 2011, Benjamin Deaver wrote to Standard Insurance

12   claiming to be entitled to $125,000 as a "Primary 50% beneficiary" on Mr. Deaver's

13   insurance policy. Dkt. 1 at 58. In a letter dated March 23, 2011, Mrs. Deaver's attorney

14   sent a letter to Standard Insurance claiming that Mrs. Deaver is the sole primary

15   beneficiary under Mr. Deaver's insurance policy and entitled to the remaining $125,000.

16   *Id*. at 59-60. On June 23, 2011, Standard Insurance filed the instant interpleader action to

17   allow the Court to decide the proper beneficiary of the remaining proceeds under Mr.

18   Deaver's life insurance policy. Dkt. 1 at 1-5.

19                                   **II. DISCUSSION**

20         As an initial matter, the Court notes that both parties' evidentiary objections (*see*

21   Dkts. 17 & 21) need not be addressed by the Court as the evidence objected to was not

22   considered by the Court, and would otherwise not affect the ruling below.

**A.      Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The

1  nonmoving party may not merely state that it will discredit the moving party's evidence

2  at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W.*

3  *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

4  nonspecific statements in affidavits are not sufficient, and missing facts will not be

5  presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

6  **B.    Benjamin Deaver's Motion for Summary Judgment**

7          In his motion for summary judgment, Benjamin Deaver argues that he is entitled

8  to one-half of Mr. Deaver's additional life insurance benefits under the policy based on

9  the designation form filled out by Mr. Deaver listing both Mrs. Deaver and Benjamin

10  Deaver as beneficiaries. Dkt. 14. Mrs. Deaver maintains that the designation form filled

11  out by Mr. Deaver is ambiguous and therefore, summary judgment should be denied and

12  she may present evidence as to his intent in making the designations. Dkt. 18.

13         "Absent fraud, accident or mistake, parol evidence is not admissible to add to,

14  modify, or contradict the terms of a written contract. Parol evidence is, however,

15  admissible to 'show the situation of the parties and the circumstances under which a

16  written instrument was executed, for the purpose of ascertaining the intention of the

17  parties and properly construing the writing.'" *U.S. Life Credit Life Ins. Co. v. Williams*,

18  77 Wn. App. 861, 864 (1995) (quoting *Berg v. Hudesman*, 115 Wn.2d 657, 669 (1990)).

19  However, "such evidence is admitted 'for the purpose of aiding in the interpretation of

20  what is in the instrument, and not for the purpose of showing intention independent of the

21  instrument.'" *Id.* (quoting *Berg*, 115 Wn. 2d at 669).

22

1    When construing the language of a life insurance policy, "the entire contract is to

2    be construed together for the purpose of giving force and effect to each clause. The

3    contract of insurance should be given a fair, reasonable and sensible construction,

4    consonant with the apparent object and intent of the parties, a construction such as would

5    be given the contract by the average person purchasing insurance." *Fed. Old Line Ins.*

6    *Co. v. McClintick*, 18 Wn. App. 510, 515 (1977) (citing *Morgan v. Prudential Ins. Co. of*

7    *America*, 86 Wn.2d 432, 434 (1976)).

8    Here, Mrs. Deaver argues that a life insurance designation form is testamentary in

9    nature and that the form, as part of the insurance contract, is sufficiently ambiguous for

10   the Court to consider extrinsic evidence to interpret Mr. Deaver's intent in filling out the

11   designation form.  Dkt. 18.  Benjamin Deaver maintains that the designation form, when

12   analyzed with the terms of the insurance policy, is clear on its face and that the parol

13   evidence rule bars the use of extrinsic evidence to determine Mr. Deaver's intentions in

14   filling out the form.  Dkt. 14.

15   The Court concludes that Mr. Deaver's beneficiary designation is ambiguous

16   when viewing in conjunction with the designation form and the  2010 beneficiary

17   information form. Extrinsic evidence is required to resolve this ambiguity. The Court

18   considers the 2010 beneficiary designation document inextricably intertwined with the

19   original designation form and the actual policy for purposes of determining Mr. Deaver's

20   designation of beneficiaries.  Mr. Deaver filled out the designation form in October 2000,

21   which listed Mrs. Deaver and Benjamin Deaver as beneficiaries, and turned the form in to

22   his employer.  Dkt. 1 at 57.  He was then issued a policy by Standard Insurance which

1   included the following policy language: "You may name one or more Beneficiaries.  Two

2   or more surviving Beneficiaries will share equally, unless you specify otherwise." *Id*. at

3   50.  Taken together, these two documents would indicate that Mrs. Deaver and Benjamin

4   Deaver would share the policy proceeds equally.  However, in October 2010, the City of

5   Vancouver sent Mr. Deaver a document titled "Beneficiary Information" which contained

6   the following language at the top of the page: "City records indicate that as of Oct 01,

7   2010 you are currently enrolled in the following life, retirement and 457 deferred

8   compensation plans.  If you have provided beneficiary designations to the City of

9   Vancouver, they are listed below." Dkt. 20 at 13.  The document lists Mrs. Deaver as the

10  primary beneficiary of the Life Insurance Additional benefits and under the percentage

11  category, lists the number 100.  *Id*.  This form indicates that the City of Vancouver

12  interpreted Mr. Deaver's designation form to name Mrs. Deaver as the primary

13  beneficiary and entitled to 100 percent of the insurance policy benefits.  The Court does

14  not conclude that this document in any way binds Standard Insurance in the event the

15  City of Vancouver was incorrect in its statements on the form.  However, the Court does

16  conclude that the document creates a situation where Mr. Deaver may have viewed that

17  document as being consistent with his designation form, thereby creating sufficient

18  ambiguity with respect to the designation such that his intentions in making the

19  designations should be analyzed using extrinsic evidence.  Such analysis is a question for

20  a jury.  Accordingly, the Court concludes that Benjamin Deaver's motion for summary

21  judgment must be denied because Mrs. Deaver has shown that a genuine issue of material

22  fact remains.

**III. ORDER**

Therefore, it is hereby **ORDERED** that Mr. Deaver's motion for summary judgment (Dkt. 14) is **DENIED**.

Dated this 22nd day of August, 2012.

BENJAMIN H. SETTLE
United States District Judge